IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| CAYAGO TEC GMBH and<br>CAYAGO AMERICAS, INC.<br><br>**Plaintiffs,**<br><br>v.<br><br>iAqua PR LLC.,<br><br>**Defendant.** | **Civil No.** 21-1212 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Before the Court are two motions: defendant iAqua PR LLC's ("iAqua") motion to dismiss the complaint, (Docket No. 25,) and plaintiffs Cayago Tec GMBH ("Cayago Tec") and Cayago Americas, Inc.'s ("Cayago Americas") motion to amend the complaint. (Docket No. 34.)  For the reasons set forth below, the Court **DENIES** Defendant's motion to dismiss and **GRANTS** Plaintiffs' motion to amend the complaint.

I.   Background

This action concerns a patent infringement claim. (Docket No. 34-1 at pp. 1-7.)  Cayago Tec is a private limited liability company organized and existing under the laws of Germany with its principal place of business in Bad Salzuflen, Germany.  Id. at p.

---

[1] Patricia Aponte Figueroa, a second-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Opinion and Order.

Civil No. 21-1212 (FAB)                                                     2

1. Cayago Americas is a corporation organized and existing under the laws of Florida with its principal place of business located in Fort Lauderdale, Florida.  Id.  iAqua is a limited liability company organized and existing under the laws of Puerto Rico, with its principal place of business located in San Juan, Puerto Rico. Id. at p. 2.

Cayago Tec and Cayago Americas filed their first amended complaint on July 2, 2021, alleging that iAqua has infringed and is currently infringing on Patent '019, Patent '814, and Patent '329 (the "Patents") in violation of 35 U.S.C. § 271 by using, importing, selling and/or offering for sale in Puerto Rico products embodying the inventions claimed in these patents.  (Docket No. 18 at p. 2.)  In short, Plaintiffs allege that by knowingly placing infringing products into the stream of commerce with the knowledge or understanding that those products are imported into, used, offered for sale and/or sold in Puerto Rico, iAqua has harmed Cayago Tec and Cayago Americas.  Id.

The merits of Plaintiffs' claims, however, are not yet at issue.  Rather, defendant iAqua requests that this Court dismiss the first amended complaint for failure to state a claim, arguing that because the complaint alleges that Cayago Tec has "all the rights" to the patents, Cayago Americas has no "exclusionary rights" to assert, and thus no right to bring a patent infringement

action.  (Docket No. 25 at p. 3.)[2]  Plaintiffs opposed Defendant's motion on July 27, 2021, (Docket No. 26,) and Defendant then filed a reply.  (Docket No. 29.)

On September 9, 2021, Plaintiffs filed a motion to amend the complaint a second time, to clarify that Cayago Tec is the owner by assignment of the Patents with the right to bring suit to enforce the Patents and that Cayago Americas' distribution authority includes the exclusive right to sell the patented products in the United States.  (Docket No. 34-1 at p. 5.)  On September 23, 2021, Defendant filed an opposition to Plaintiffs' motion to amend the complaint, arguing that further amendment would be futile.  (Docket No. 36 at p. 3.)  Defendant reiterated the allegation that Cayago Americas does not have the right to sue for patent infringement and therefore the three counts in the complaint are defective and fail to state a cause of action.  Id.

While the Court could find that the presentation of an amended pleading moots the original motion to dismiss, "the court simply may consider the motion as being addressed to the amended pleading.

---

[2] Although iAqua's motion was titled "Motion to Dismiss for Failure to State a Claim and Lack of Standing," the motion only argues that plaintiffs fail to state a claim and does not argue that there is a lack of standing in the Constitutional sense. (Docket No. 25.)  The Court construes iAqua's use of the word 'standing' to be synonymous with 'failure to state a claim.'  See Lone Star Silicon Innovations LLC v. Nanya Technology Corp., 925 F.3d 1225, 1228 (Fed. Cir. 2019) ("'We have on occasion referred to [whether a plaintiff may bring suit under a certain statute] as 'statutory standing' . . . .")(quoting Lexmark Int'l, Inc. v. Static Control Components, Inc., 572 U.S. 118, 128 n.4 (2014)).

Civil No. 21-1212 (FAB)                                                    4

To hold otherwise would be to exalt form over substance." 6 Charles A. Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure* § 1476 (3d ed. 2015).  Because the standard for determining whether a motion to amend a complaint should be denied for futility is the same standard to determine whether the plaintiff has stated a claim, the Court will resolve these two motions together.

**II.  Motion to Dismiss and Motion to Amend the Complaint**

    **A. Legal Standards**

        **i.  Futility Review**

Pursuant to Federal Rule of Civil Procedure 15(a)(2) ("Rule 15(a)(2)") a court "should freely give leave" to amend a complaint "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Without an adequate basis for the denial of leave to amend "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.," courts should allow parties to amend their complaints.  Foman v. Davis, 371 U.S. 178, 182 (1962); see also Grant v. News Grp. Bos., Inc., 55 F.3d 1, 5—6 (1st Cir. 1995).

iAqua argues this Court should deny the motion to amend the complaint, contending that, for the reasons set forth in

its motion to dismiss the first amended complaint, further amendment of the complaint would be futile.[3] (Docket No. 36 at p. 3.)  "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (citing 3 Moore's Federal Practice ¶ 15.08[4], at 15-80 (2d ed. 1993)).  When reviewing a motion to amend a complaint for futility, a district court applies the same standard it would apply to a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Id.  This means that "there is no practical difference, in terms of review, between a denial of a motion to amend based on futility and the grant of a motion to dismiss for failure to state a claim." Id.

Although the review process for futility mirrors that of the review process of a motion to dismiss, "[t]he appropriateness *vel non* of a district court decision denying a motion to amend on the ground of futility depends, in the first instance, on the posture of the case." Hatch v. Dep't. for Children, Youth & Their Families, 274 F.3d 12, 19 (1st Cir. 2001). The First Circuit Court of Appeals explained:

---

[3] iAqua also argues that it would be prejudiced by the Court granting the motion to amend and mooting the motion to dismiss.  (Docket No. 36 at p. 3.) As the Court does not intend to moot the motion to dismiss, the Court need not address this argument.

> If leave to amend is sought before discovery is complete and neither party has moved for summary judgment, the accuracy of the "futility" label is gauged by reference to the liberal criteria of Federal Rule of Civil Procedure 12(b)(6). In this situation, amendment is not deemed futile as long as the proposed amended complaint sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory.

Id. (citations omitted).

The more liberal standard of futility review applies to the posture of this case. Here, Plaintiffs moved to amend their complaint on September 9, 2021 and no motion for summary judgment has yet been filed. (Docket No. 34.) The Court therefore proceeds to review Plaintiffs' proposed second amended complaint pursuant to the criteria of Rule 12(b)(6).

### ii. Rule 12(b)(6) Standard

The Court of Appeals for the Federal Circuit has established that, in a patent case, "[t]he question whether a Rule 12(b)(6) motion was properly granted is a purely procedural question not pertaining to patent law, to which this court applies the rule of the regional circuit." Superior Indus., LLC v. Thor Global Enters., 700 F.3d 1287, 1292 (Fed. Cir. 2012) (citation omitted). First Circuit Court of Appeals precedent therefore governs the Rule 12(b)(6) claim in this case. Pursuant to Rule 12(b)(6), a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

Civil No. 21-1212 (FAB)                                                        7

12(b)(6).  To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Plausible, of course, means something more than merely possible, and gauging a pleaded situation's plausibility is a context-specific job that compels [a court] to draw on [its] judicial experience and common sense." Zenón v. Guzmán, 924 F.3d 611, 616 (1st Cir. 2019) (internal quotation marks omitted) (quoting Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012)).  A court must decide whether the complaint alleges sufficient facts to "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. at 555.  In so doing, a court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. Lemelson v. Bloomberg L.P., 903 F.3d 19, 23 (1st Cir. 2018).

    **B. Analysis**

    iAqua argues in its motion to dismiss that Cayago Americas has no right to sue for patent infringement and therefore the complaint fails to state a claim for relief.  (Docket No. 25 at p. 1.)  iAqua contends that an entity that does not own a patent, or is not its exclusive licensee, has no rights to assert a patent infringement claim.  Id. at p. 3.  Because Cayago Tec pleads ownership of "all the rights" to the patents, iAqua argues

that Cayago Americas cannot plead ownership or the right to exclude others pursuant to the patents, and therefore has not properly pled a cause of action. Id. at pp. 3-4. Because Cayago Tec and Cayago Americas both appear as plaintiffs in this action, iAqua argues that all three counts are defective, and the complaint thus fails to state causes of action. Id.

Plaintiffs oppose Defendant's motion, alleging that Cayago Tec, the patent owner, and Cayago Americas, the party asserting exclusionary rights, are joined as plaintiffs, which is sufficient to state a cause of action for patent infringement. (Docket No. 26 at p. 2.) Plaintiffs contend that exclusive vendors of patented products can be co-plaintiffs in patent infringement actions. (Docket No. 26 at pp. 4-5.)

To decide whether Cayago Tec and Cayago Americas can bring a patent infringement suit as co-plaintiffs, this Court must discuss the applicable law for the joinder of parties in patent actions.

### i. Joinder of Parties in a Patent Action

Federal Circuit Court of Appeals law applies to "both substantive and procedural issues intimately involved in the substance of enforcement of the patent right." In re Queen's Univ., 820 F.3d 1287, 1290 (Fed. Cir. 2016). The Court of Appeals for the Federal Circuit has recognized three categories of

Civil No. 21-1212 (FAB)                                                9

plaintiffs in patent infringement cases. Lone Star Silicon Innovations LLC v. Nanya Tech. Corp., 925 F.3d 1225, 1228 (Fed. Cir. 2019). First, a patentee, which has "all rights or all substantial rights" in a patent and can sue in its own name. Id. Second, a licensee with "exclusionary rights," which can sue along with the patentee. Id. Third, a licensee with no "exclusionary rights," which cannot sue for patent infringement. Id. A party that does not possess "all rights or all substantial rights" in a patent, and thus cannot bring a suit in its own name, may still bring a suit by joining the patentee as a co-plaintiff if it possesses "exclusionary rights." Id. at 1229. An exclusive licensee's inability to bring a suit would otherwise leave it possessing a "right without a remedy." Id. at 1236 (citing Independent Wireless Telegraph Co. v. Radio Corp. of Am., 269 U.S. 459, 472 (1926)).

Federal Rule of Civil Procedure 19 ("Rule 19") governs the joinder of necessary parties. See Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 15 (1st. Cir. 2008) (explaining the function of Rule 19). Pursuant to Rule 19(a)(1), certain persons are required to be joined, as long as that joinder does not deprive the court of subject—matter jurisdiction. Fed. R. Civ. P. 19(a)(1). Those required parties are either: (1) those without whom the court cannot accord complete relief; or

> (2) [those who] claim[] an interest relating to the subject of the action and [are] so situated such that disposing of the action in [their] absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest.

Id. Joinder under Rule 19 thus "helps 'secur[e] justice' for licensees so they can vindicate their rights." Lone Star, 925 F.3d at 1237 (quoting Independent Wireless, 269 U.S. at 472-73). The Court of Appeals for the Federal Circuit has established that the application of Rule 19 is mandatory. Id. at 1238.

### ii. Exclusionary Rights Under Patents

Holders of "exclusionary rights" are also known as "exclusive licensees," as the "grant of an exclusive license to make, use or sell the patented invention carries with it the right to prevent others from practicing the invention." Morrow v. Microsoft Corp., 499 F.3d 1332, 1340 (Fed. Cir. 2007)

In Viam Mfg., Inc. v. Iowa Export-Import Trading Co., the Court of Appeals for the Federal Circuit analyzed whether one of the plaintiffs in the suit, Iowa Export, had statutory standing to participate in the patent infringement suit since it did not have a patent license. No. 99-1280, 2000 WL 1234623, at *2 (Fed. Cir. Aug. 31, 2000). The court held that since Iowa Export was the exclusive distributor of the product pursuant to

Civil No. 21-1212 (FAB)                                              11

the parties' agreement, "[that] serves to make Iowa Export an exclusive licensee under the . . . patent, thus giving it standing to sue as a co-plaintiff."  Id.;  See also Sanofi, S.A. v. Med-Tech Veterinarian Products Inc., No. 83-2198, 1983 WL 417, at *5 (Fed. Cir. Sept. 16, 1983)(holding that the co-plaintiff, American Home Products Corporation, had the exclusive right to sell Sanofi, S.A.'s patented product in the United States for a particular use and therefore had the right to sue as a co-plaintiff in a patent infringement claim).

In general, "[e]xclusionary rights 'must be enforced through or in the name of the owner of the patent,' and the patentee who transferred these exclusionary interests is usually joined . . . ."  Morrow, 499 F.3d at 1340 (quoting Independent Wireless, 269 U.S. at 467, 469).  The purpose of joining a patentee and a holder of exclusionary rights to the patent is to avoid "the potential for multiple litigations and multiple liabilities and recoveries against the same alleged infringer."  Id.  A holder of "exclusionary rights" under a patent, who does not have a right to sue in its own name, should join the patentee as a co-plaintiff in a patent infringement claim.  See id. at 1340.  Rule 19 reflects this joinder analysis. Id. (citing Fed. R. Civ. P. 19, Advisory Committee Note to Subdivision (a) (1937)).

### iii. The Complaint as Amended

iAqua contends that because Cayago Tec pled that it has "all the rights" to the patents, Cayago Americas has no "exclusionary rights" to assert, and thus cannot sue for patent infringement. (Docket No. 25 at p. 3.) iAqua also argues that even an amendment to allege that Cayago Americas has the exclusive right to sell the patented products in the United States is "insufficient to state a claim for infringement/to confer standing."[4] (Docket No. 36 at p. 3.)

Plaintiffs argue that Cayago Americas has the "exclusive authority to distribute the patented product in the United States . . . which is sufficient, along with the patent owner, to convey standing." (Docket No. 26 at p. 2.) Plaintiffs therefore allege that the complaint states a cause of action for patent infringement. Id. Plaintiffs also proposed to amend the complaint to clarify that Cayago Tec is the owner by assignment of the patents with the right to bring suit to enforce them and that Cayago Americas' distribution authority includes the exclusive right to sell the patented products in the United States. (Docket No. 34-1 at p. 5.)

---

[4] See supra note 2 for discussion of the Court's construction of 'standing' in this context.

iAqua cites Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538 (Fed. Cir. 1985) for its argument that Cayago Americas does not have "exclusionary rights." (Docket 25 at pp. 3-4.) Rite-Hite establishes that, in order to be considered an "exclusive licensee," the party "must have received, not only the right to practice the invention within a given territory, but also the patentee's express or implied promise that others shall be excluded from practicing the invention within that territory as well." Rite-Hite, 56 F.3d at 1552. iAqua contends that Cayago Americas does not have the right to exclude others pursuant to the patent. (Docket No. 25 at p. 4.) The Court finds this argument unpersuasive.

Cayago Tec pleads that it is the owner by assignment of the three patents in this case. (Docket No. 34-1 at p. 5.) Cayago Americas is alleged to have the exclusive authority to distribute, sell, and offer to sell these patented products in the United States, including, but not limited to, Puerto Rico. Id. A party with the exclusive authority to distribute or sell a patented product is considered an "exclusive licensee." See Viam Manufacturing, 2000 WL 1234623, at *2; see also Sanofi, 1983 WL 417, at *5. As a holder of an exclusive license to distribute the patented products in Puerto Rico, then, Cayago Americas has "exclusionary rights" to those patents. See Viam Manufacturing,

Civil No. 21-1212 (FAB)                                          14

2000 WL 1234623, at *2.  Cayago Americas' exclusive license to sell the patented invention, therefore, carries with it the right to exclude others from practicing the invention and thus gives Cayago Americas "exclusionary rights" to the patented products. See Morrow, 499 F.3d at 1340; see also Lone Star, 925 F.3d at 1228.

A patentee's possession of "all the rights" to the patent does not preclude an exclusive licensee from joining the patentee in an infringement suit.  See Lone Star, 925 F.3d at 1228.  While only a patentee can bring an infringement action in its own name, an exclusive licensee can join the patentee in these actions.  Id. Even though Cayago Americas cannot sue for patent infringement in its own name, it can sue along with the patentee, Cayago Tec.  Id.

Under Rule 19, furthermore, Cayago Americas would be a required party in this case.  See Fed. R. Civ. P. 19(a)(1); see also Lone Star, 925 F.3d at 1238.  As an exclusive licensee under the patented products, Cayago Americas claims an interest in the alleged patent infringement.  Id.; Docket No. 34-1.  Because Cayago Americas cannot sue iAqua without joining Cayago Tec, disposing of the action in its absence would impede its ability to vindicate its alleged rights.  See Fed. R. Civ. P. 19(a)(1); Lone Star, 925 F.3d at 1237.  The joinder of Cayago Tec and Cayago Americas under Rule 19 would thus be required if both were not already plaintiffs. Id.

Civil No. 21-1212 (FAB)                                              15

Accepting the facts pled as true, the Court finds that Plaintiffs have sufficiently alleged that both have the right to bring a patent infringement case.  See Viam Manufacturing, 2000 WL 1234623, at *2; Sanofi, 1983 WL 417, at *5; see also Lemelson, 903 F.3d at 23.  Plaintiffs' inclusion of the allegation in the second amended complaint, that is, that Cayago Americas has the exclusive right to sell the patented products in the United States, creates a plausible claim for relief.  Bell Atl. Corp., 550 U.S. at 570. The Court finds that Plaintiffs' motion to amend is not futile and therefore **GRANTS** the motion to amend and **DENIES** the motion to dismiss.

**III. Conclusion**

For the reasons set forth above, Defendant's motion to dismiss (Docket No. 25) is **DENIED** and Plaintiffs' motion to amend the complaint (Docket No. 34) is **GRANTED**. The second amended complaint **shall be filed as a separate document no later than November 10, 2021.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 8, 2021.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
UNITED STATES DISTRICT JUDGE